UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| No. | 2:16-cv-03250-ODW-(Ex) | Date | August 9, 2021 |
|---|---|---|---|
| Title | *Securities and Exchange Commission v. Imran Husain et al* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:**        **In Chambers**

Defendant Imran Husain moves for reconsideration of the Court's March 25, 2021 Order Granting in Part and Denying in Part Plaintiff SEC's Motion for Summary Judgment. (Mot., ECF No. 125; ECF No. 122.) This matter is appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Motion is **DENIED**.

Under Rule 59(e), a party may move to alter or amend a judgment "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). However, the motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised" prior to dismissal. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). A Rule 59(e) motion may be granted: (1) "to correct manifest errors of law or fact"; (2) "to present newly discovered or previously unavailable evidence"; (3) "to prevent manifest injustice"; or (4) "if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Relief under Rule 59(e) is "extraordinary" and "should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999). District courts have considerable discretion in granting or denying Rule 59(e) motions. *Id.*

Under Rule 60(b)(6), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief." *Henson v. Fidelity Nat'l Fin., Inc.*, 943 F.3d 434, 443 (9th Cir. 2019) (quoting Fed. R. Civ. P. 60(b)(6)). Motions for relief pursuant to Rule 60(b) "are addressed to the sound discretion of the district court." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004). However, "the Rule is used

| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | | JS-6 |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | |
| No. | 2:16-cv-03250-ODW-(Ex) | Date | August 9, 2021 |
| Title | *Securities and Exchange Commission v. Imran Husain et al* | | |

sparingly as an equitable remedy to prevent manifest injustice." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (internal quotation marks omitted).

Pursuant to Local Rule 7-18, "[n]o motion for reconsideration may in any manner repeat any oral or written argument made in support of . . . the original motion." C.D. Cal. L.R. 7-18. Grounds for a motion for reconsideration are limited to a material difference in fact or law, the emergence of new facts or law, or a manifest failure to consider material facts. *Id.* "Displeasure with the outcome alone is insufficient; unless the moving party shows that one of the factors exist, the court will not grant reconsideration." *Stewards v. Wilkie*, No. 2:18-cv-01887-ODW (SKx), 2020 WL 4286871, at *2 (C.D. Cal. July 27, 2020).

Husain's Motion boils down to his dissatisfaction with the second-tier civil penalty of $1,757,000, which the Court found represents the gross amount of pecuniary gain from Husain's illegal activities. (Mot.; Order ECF No. 122.) Husain contends that the civil penalty the Court imposed is "far in excess" of his gross pecuniary gain. (Mot. 1.) However, Husain merely reiterates arguments raised in his opposition to the SEC's Motion for Summary Judgment. (*See* Husain's Opp'n to SEC MSJ 20–21, ECF No. 105.) Moreover, in determining the appropriate civil penalty, the Court thoroughly reviewed the record and relevant legal authority. (*See* ECF No. 122.) Therefore, as motions for reconsideration may not be used to "ask the court to rethink what it has already thought" Hussain's arguments are insufficient to warrant reconsideration. *See Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1236 (E.D. Cal. 2010).

Accordingly, Husain's Motion is **DENIED**. (ECF No. 125.)

The Clerk of the Court shall close this case.

**IT IS SO ORDERED**.

| | : | 00 |
|---|---|---|
| Initials of Preparer | SE | |