NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>IMRAN HUSAIN,<br><br>　　　　Defendant. | Case No. 2:16-cv-03250-ODW-E<br><br>**AMENDED FINAL JUDGMENT AS TO DEFENDANT IMRAN HUSAIN** |

On March 25, 2021, the Court entered its Order Granting in Part and Denying in Part Plaintiff Securities and Exchange Commission's ("SEC") Motion for Summary Judgment (ECF. No. 97) and Denying Defendant Imran Husain's Motion for Partial Summary Judgment. (Order on Mot. Summ. J. ("Summary Judgment Order"), ECF. No. 122.)  Thereafter, on April 5, 2021, the Court entered a final judgment, (April 5, 2021 Final J. ("April 5, 2021 Final Judgment"), ECF No. 124), against Defendant, imposing injunctive relief, a penny stock bar, an officer and director bar, and a civil monetary penalty in the amount of $1,757,000. *See generally id.* On appeal, the Ninth Circuit reversed the Court's grant of summary judgment on the amount of the civil penalty and remanded the case back to this Court for a redetermination of the amount of Defendant's civil penalty.  On September 22, 2023, having received the mandate of the circuit court of appeals, this Court vacated its imposition of a civil monetary penalty in the amount of $1,757,000 against Defendant in its April 5, 2021 Final Judgment. (Min. Order Spread Mandate, ECF. No. 137.)

Defendant, having entered a general appearance, consented to the Court's jurisdiction over him, acknowledged the Court's Summary Judgment Order, and waived any right to appeal from this amended final judgment (the "Amended Final Judgment"), consents to this Amended Final Judgment, which amends the April 5, 2021 Final Judgment to impose  a $1,000,000 civil monetary penalty, with all other terms of the April 5, 2021 Final Judgment remaining the same, such that, for purposes of Rule 506(d) of SEC Regulation D [17 C.F.R. § 230.506(d)] and Rule 262(a) of SEC Regulation A [17 C.F.R. § 230.262(a)], and the time-limited bars imposed by the April 5, 2021 Final Judgment, the injunctions, the seven-year penny stock bar and the seven-year officer and director bar shall be deemed to have been entered solely on April 5, 2021 and to run from that date. Good cause appearing therefor:

**I.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly,

Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**II.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**III.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating section five of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under

Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**IV.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is prohibited, for seven years following the date of entry of the April 5, 2021 Final Judgment, from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

**V.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited, for seven years following the date of entry of the April 5, 2021 Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

**VI.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant shall pay a civil penalty in the amount of $1,000,000, pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).  Defendant shall make the required payment

within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Imran Husain as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 USC § 1961.

**VII.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, for purposes of exceptions to discharge set forth in section 523 of the Bankruptcy Code,

11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

**VIII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the claims in the SEC's Complaint against Defendant for secondary, aiding and abetting violations of the securities laws (Claims 2, 5, 8-10) are dismissed as moot.

**IX.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the SEC's request for disgorgement against Defendant is denied.

**X.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Amended Final Judgment.

Dated: June 20, 2024

_____
HONORABLE OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE